STATE EX REL. EILEF HALMRAST v. STAFFORD KING.[1]

February 1, 1935.

No. 30,215.

*Oscar Hallam* and *Bruce J. Broady*, for appellant.

*Harry H. Peterson*, Attorney General, *David J. Erickson*, Assistant Attorney General, *Joseph M. Donahue*, and *William D. Gunn*, for respondent.

LORING, JUSTICE.

This is an appeal from a judgment of the district court dismissing an alternative writ of *mandamus*, and the question presented

[1] Reported in 258 N. W. 583.

is whether an employe of the Minneapolis-St. Paul Sanitary District is subject to the provisions of the law creating a State Employes Retirement Association and whether his pay is subject to the three and one-half per cent deduction authorized by that law.

The Minneapolis-St. Paul Sanitary District was organized under the provisions of L. 1933, c. 341, Mason Minn. St. 1934 Supp. §§ 1607-8 to 1607-30, to construct, operate, and maintain a sewage disposal plant and system for the cities of Minneapolis and St. Paul. The state auditor has refused to draw his warrant on the state treasurer without deducting the three and one-half per cent referred to; this upon the advice of the attorney general.

L. 1929, c. 191, as amended by L. 1931, c. 351, and L. 1933, c. 326, Mason Minn. St. 1934 Supp. §§ 254-1 to 254-22a, created the State Employes Retirement Association and defined a state employe, with certain exceptions, as any person holding a state office or regularly employed by the state whose salary is paid either by warrant of the state auditor or from the fees or income of any department or agency of the state, but does not include those temporarily employed. It does, however, apply to such employes who have been employed over six months continuously.

The question presented, then, is whether the district is a department or agency of the state or an independent municipal organization. We conclude that the district is not a state agency or department, but an independent incorporation for certain municipal purposes. Its real and personal property are held in its own corporate name. Its revenues are paid in by the cities comprising the district or may be raised by bond issues. Significantly, its bonds must be sold as prescribed by 1 Mason Minn. St. 1927, § 1943, and must conform to §§ 1938-5, 1938-7, 1938-10, which relate to municipal corporations. Its budget must be submitted to the cities comprising it, and their credit is pledged for the payment of its debts. The district has the power to make contracts, to enact certain ordinances, orders, approvals, resolutions, and regulations for the proper management and conduct of its business and to carry out its purposes. It may prescribe penalties. In fact, it has the powers

appropriate to provide sanitation and to promote the public health within its confines. Other such districts may be organized when contiguous cities of the first class come into existence. We find nothing in State ex rel. Wenzel v. May, 190 Minn. 336, 251 N. W. 529, which indicates that our conclusion here is wrong. All that this court there held in connection with the subject now under consideration was that the trustees of the sanitary district were not officers or servants of the cities which composed the district, and it did not assume to decide whether they were servants of the sanitary district or of the state. Any implication that they were state officers was outside the issue there presented. Certainly they are not state officers or servants within the contemplation of the retirement act. That is the sole question here.

The judgment of the district court is reversed and the case remanded with directions to issue peremptory writs granting the relief sought by the petitioner.